UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANTEZ D. ALEXANDER,** | **CASE NO.  1: 16 CV 994** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | **OPINION AND ORDER** |
| **JUDGE MICHAEL K. ASTRAB,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Dantez D. Alexander has filed this civil rights action under 42 U.S.C. §1983 against Judge Michael K. Astrab of the Cuyahoga County, Ohio Court of Common Pleas.  He seeks $3.4 million in damages on the basis of allegations that he called the Judge's Court "every week" asking for a motion "to be either granted or denied[,] and every week [the Judge's] clerk told [him] he printed it and put it in front of the Judge."

Although *pro se* pleadings generally are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Federal District Courts are expressly required, under 28 U.S.C. §1915A, to screen and dismiss before service any civil action filed by a prisoner seeking redress from a government officer or entity that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d

468, 471 (6th Cir. 2010).

This action must be summarily dismissed in accordance with §1915A. It is well-established that "[j]udicial officers enjoy absolute immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction." *Wright v. Kinneary*, 46 Fed. App'x 250, 252 (6th Cir. 2002). "Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction." *Id.*

Plaintiff's allegations clearly pertain to judicial conduct falling within the scope of a court's proper jurisdiction. Judge Astrab is absolutely immune from liability in this case.

## Conclusion

Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:** June 9, 2016